UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

_____
                                               )
                                             )

**ICM, INC.,**  )
                                             )        Civil Action No. 09-1315-WEB-KMH
              **Plaintiff,**             )
                                             )
       **v.**                             )        **COMPLAINT FOR**
                                             )        **DECLARATORY JUDGMENT**
**GS CLEANTECH CORPORATION**   )
**GREENSHIFT CORPORATION,**     )
                                             )        **JURY TRIAL REQUESTED**
             **Defendants.**          )
_____)

Plaintiff ICM, Inc. ("ICM"), for its Complaint against defendants GS CleanTech Corporation ("CleanTech") and GreenShift Corporation ("GreenShift") states and alleges as follows:

**PARTIES**

1.     ICM is a Kansas Corporation having its principal place of business at 310 North First Street, Colwich, Kansas.

2.     Defendant CleanTech is a Delaware Corporation having its principal place of business at 1 Penn Plaza, Suite 1612, New York, New York. CleanTech is the owner of U.S. Patent Application Serial No. 11/122,859 (the "'859 patent application"), entitled "Method of Processing Ethanol Byproducts and Related Subsystems." The '859 patent application was published as U.S. Patent Application Publication No. 20060041152 on February 23, 2006 and subsequently issued as U.S. Patent No. 7,601,858 (the "'858 Patent") on October 13, 2009. A true and correct copy of the '858 Patent is attached hereto as Exhibit A. CleanTech is also the owner of U.S. Patent Application Serial No. 11/241,231 (the "'231 patent application"), entitled

"Methods of Processing Ethanol Byproducts and Related Subsystems," which published as U.S. Patent Application Publication No. 20060041153 on February 23, 2006 (the "'153 patent application publication").

3. Defendant GreenShift is a Delaware Corporation having its principal place of business at 1 Penn Plaza, Suite 1612, New York, New York. Upon information and belief, GreenShift is a holding company and owns 100% of Defendant CleanTech.

## JURISDICTION AND VENUE

4. This is an action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338 and 1367.

6. This Court has personal jurisdiction over Defendants because they transact business in this jurisdiction.

7. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## PRELIMINARY ALLEGATIONS

8. The present action involves an actual dispute between Plaintiff and Defendants over Plaintiff's right to sell and/or use equipment to practice corn oil recovery methods that are in part the subject of the claims of the '858 Patent and the '153 patent application publication.

9. Plaintiff ICM designs and builds ethanol production plants for customers and promotes, sells and installs centrifuge equipment to such customers for recovering oil from corn byproducts.

10. On or about July 15, 2009, Defendant GreenShift sent letters to certain customers of Plaintiff ICM (the "July 15 letters") alleging ownership of the '858 and '231 patent

applications and notifying such customers of liability for installing systems and practicing corn oil recovery methods within the scope of published claims in the '858 and '231 patent applications under 35 U.S.C. § 154(d).  Upon information and belief, GreenShift and/or CleanTech knew that the intended recipients of the July 15 letters were customers of ICM and that ICM had installed the centrifuge systems used in the corn oil recovery processes.

11.    On or about August 6, 2009, ICM through its patent counsel notified Defendant GreenShift in writing that the July 15 letters to ICM customers falsely and materially misrepresented any liability under 35 U.S.C. § 154(d) by virtue of substantial amendments made to the claims of the '858 and '231 patent applications since the publication date of the '858 and '231 patent applications.

12.    Thereafter, on or about October 7, 2009, Defendant GreenShift sent a letter to Lifeline Foods LLC (the "October 7 letter"), alleging ownership of the '858 and '231 patent applications and notifying Lifeline Foods of liability for installing systems and practicing corn oil recovery methods within the scope of published claims in the '858 and '231 patent applications under 35 U.S.C. § 154(d).  Upon information and belief, GreenShift knew that Lifeline Foods was a customer of ICM and was 49% owned by ICM.  Upon information and belief, GreenShift and/or CleanTech knew that ICM had installed the centrifuge systems used by Lifeline Foods in the corn oil recovery processes.

13.    At the time of the July 15 letters, Defendant GreenShift knowingly misrepresented itself as the owner of the '858 and 231 patent applications.  At the time of the October 7 letter, Defendant GreenShift knowingly misrepresented itself as the owner of the '858 and '231 patent applications.

14. At the time of the July 15 letters and the October 7 letter, the claims pending in the '858 and '231 patent applications had been materially amended such that no claim in such patent applications was substantially identical to the claims pending in such patent applications at the time of publication. Defendant GreenShift knowingly and/or intentionally misrepresented that ICM's customers had liability under 35 U.S.C. § 154(d) in a manner calculated to interfere with the business relationship and/or contractual relationship between ICM and its customers in regard to sales and installation of centrifuge systems for use in corn oil recovery processes.

## COUNT I
## UNFAIR COMPETITION/INTERFERENCE WITH EXISTING AND PROSPECTIVE BUSINESS AND CONTRACTUAL RELATIONSHIP/DECEPTIVE TRADE PRACTICES

15. The allegations of paragraphs 1-14 are incorporated by reference as if fully set forth herein.

16. Defendant GreenShift's acts constitute unfair methods of competition, interference with ICM's existing and prospective business and contractual relationships and unfair or deceptive acts or practices.

17. ICM has suffered injury as a result of GreenShift's unfair, deceptive and misleading acts in an amount in excess of $75,000.

18. ICM is entitled to injunctive relief, and/or all other available statutory remedies, including attorney fees and costs under Kansas Stat. § 50-634.

## COUNT II
## FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND PATENT INVALIDITY

19. The allegations of paragraphs 1-18 are incorporated by reference as if fully set forth herein.

20. Defendants CleanTech and GreenShift's acts defined above constitute direct allegations of patent infringement against ICM's customers with respect to the '858 Patent and indirect patent infringement allegations against ICM with respect to the '858 Patent by virtue of ICM's promotion, sale and installation of centrifuge systems used in a corn oil recovery process used by ICM's customers that is the subject of claims of the '858 Patent.

21. Each of the claims of the '858 Patent is invalid for failure to satisfy the provisions of at least 35 U.S.C. § 103.

22. Plaintiff ICM is entitled to a declaration of non-infringement of the '858 Patent.

## REQUEST FOR JURY TRIAL

23. Plaintiff requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff ICM prays that:

A. The Court declare that GreenShift's acts constitute unfair methods of competition, interference with ICM's existing and prospective business and contractual relationships and unfair or deceptive acts or practices and award ICM its damages in an amount to be determined;

B. The Court declare invalid each of the claims of the '858 Patent;

C. The Court issue an injunction against GreenShift, CleanTech and anyone acting in privity or concert with them from charging infringement or instituting any legal action for infringement of the '858 Patent against ICM or anyone acting in privity with ICM, including the successors, assigns, agents, suppliers, manufacturers, contractors and customers of ICM;

D. ICM be awarded its costs in this action;

E. ICM be awarded attorneys' fees in this action pursuant to 35 U.S.C. § 285; and

F. ICM be awarded such other relief as the Court deems just and equitable.

- 6 -

**Trial Location Designation**

Plaintiff requests that the trial of this action be held in Wichita, Kansas.

Dated:   October 13, 2009

DICKE, BILLIG & CZAJA, PLLC
John M. Weyrauch (221,879) (*pro hac vice to be filed*)
Michael A. Bondi (237,309) (*pro hac vice to be filed*)
100 South Fifth Street, Suite 2250
Minneapolis, MN 55402
Telephone: (612) 767-2512
Facsimile: (612) 573-2005

ATTORNEYS FOR PLAINTIFF

By:   s/Charles E. Millsap
Charles E. Millsap (# 9692)
Fleeson, Gooing, Coulson & Kitch, L.L.C.
1900 EPIC Center
301 N. Main
Wichita, KS 67202
Tel:  (316) 267-7361
E-mail:  cmillsap@fleeson.com